McCARTHY, JOHNSON & MILLER
    Law Corporation
DIANE SIDD-CHAMPION (SBN 78140)
LORI A. NORD (SBN 87993)
ANA P. PEREZ (SBN 253309)
595 Market Street, Suite 2200
San Francisco, CA  94105
Telephone:  (415) 882-2992
Facsimile:  (415) 882-2999
E-mail:  dsidd-champion@mjmlaw.us

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GENERAL EMPLOYEES TRUST FUND and BOARD OF TRUSTEES OF GENERAL EMPLOYEES TRUST FUND, | Case No. C 09-3275 WHA |
| Plaintiffs, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| BAY AREA MAINTENANCE, INC., | |
| Defendant. | |

## NATURE OF THE ACTION

1.     This action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §1001, *et seq.*], and more particularly under Sections 1132 and 1145. This action also arises under Section 301 of the Labor Management Relations Act ("LMRA") [29 U.S.C. §185].  Plaintiffs allege that defendant has unlawfully failed and refused to make required payments to plaintiffs in violation of a collective bargaining agreement and a trust agreement.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §§ 1331 and 1337.  Pursuant to 29 U.S.C. § 1132(f), this Court has jurisdiction without respect to the

1   amount in controversy or the citizenship of the parties.  This is an action authorized and instituted

2   pursuant to Sections 502 and 515 of ERISA [29 U.S.C. §§ 1132 and 1145] and Section 301 of the

3   LMRA [29 U.S.C. § 185].

4          3.      Venue is proper in this judicial district because the underlying agreements and the

5   employee benefit plans have been administered at all material times in San Francisco, Alameda and

6   Daly City, California, all of which are within the geographical boundaries of the United States District

7   Court for the Northern District of California.  Venue is thus proper in this District pursuant to Section

8   502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)] and Section 301 of the LMRA [29 U.S.C. § 185].

9   **INTRADISTRICT ASSIGNMENT**

10          4.      Assignment to the San Francisco Division of the Northern District of California is

11   proper because the underlying agreements and the employee benefit plans are now administered in

12   Daly City, California, which is within the geographical boundaries of the San Francisco Division.

13   **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

14          5.      Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other

15   than the named parties, there is no such interest to report.

16   **PARTIES**

17          6.      At all times material herein, plaintiff General Employees Trust Fund ("Trust Fund")

18   is, and has been, a joint labor-management trust fund organized pursuant to the provisions of Section

19   302 of the LMRA [29 U.S.C. § 186] for the purpose of administering employee benefit plans within

20   the meaning of Sections 3 and 4 of ERISA [29 U.S.C. §§ 1002 and 1003].  At all times material

21   herein, the Trust Fund has maintained its principal office in San Francisco, Alameda or Daly City,

22   California.

23          7.      At all times material herein, plaintiff Board of Trustees of General Employees Trust

24   Fund ("Board") is, and has been, the plan administrator of employee benefit plans within the meaning

25   of Section 3(3) of ERISA [29 U.S.C. § 1002(3)], and is, and has been, a fiduciary within the meaning

26   of Section 3(21)(A)(iii) of ERISA [29 U.S.C. § 1002(21)(A)(iii)], and the named fiduciary within the

27   meaning of Section 402(a)(1) of ERISA [29 U.S.C. § 1102(a)(1)].  The Board has a fiduciary duty to

28   the employees of the defendant employer to collect funds for the benefit of said employees, to invest

1  and administer said funds, and to protect said funds from claims. At all times material herein, the

2  Board has been empowered to administer the Trust Fund. At all times material herein, the Board has

3  maintained its principal office in San Francisco, Alameda or Daly City, California.

4      8.    Plaintiffs are informed and believe, and based on such information and belief allege,

5  that at all times material herein, defendant Bay Area Maintenance, Inc. ("Employer") is, and has been,

6  an employer engaged in commerce or in an industry affecting commerce within the meaning of

7  Sections 2(2), (6) and (7) of the National Labor Relations Act, as amended ("NLRA") [29 U.S.C. §

8  152(2), (6) and (7)], Section 301 of the LMRA [29 U.S.C. § 185], and Sections 3(5), (11) and (12) of

9  ERISA [29 U.S.C. § 1002(5), (11) and (12)].

10      9.    Plaintiffs are informed and believe, and based on such information and belief allege,

11  that at all times material herein, Employer is, and has been, a California corporation engaged in the

12  building maintenance industry, with its principal place of business located at all material times in

13  Redwood City, California.

14  **<u>AGREEMENTS</u>**

15      10.    At all times material herein, Employer is, and has been, signatory to a collective

16  bargaining agreement ("Collective Bargaining Agreement") with Service Employees International

17  Union, Local 1877.

18      11.    By the Collective Bargaining Agreement, the Employer agreed to be bound to a trust

19  agreement known as the Trust Indenture establishing the General Employees Trust Fund dated

20  February 1, 1973 and all amendments thereto and restatements thereof including the Restated Trust

21  Indenture, restated July 1, 1999 ("Restated Trust Indenture"). A true and correct copy of the Restated

22  Trust Indenture is attached hereto as Exhibit 1 and incorporated herein by reference.

23      12.    By the Collective Bargaining Agreement and the Restated Trust Indenture (collectively,

24  "Agreements"), Employer agreed that it would pay fringe benefit contributions to the Trust Fund based

25  on hours of work performed by its covered employees.

26      13.    By the Agreements, Employer agreed that it would submit to the Trust Funds a list of

27  employees along with fringe benefit contributions for them by the tenth (10th) day of the month

28  following the month in which the work was performed, and that any contribution not received by the

1   twentieth (20th) day of the month following the work month would be considered delinquent.

2           14.     By the Agreements, Employer agreed that the delinquent contributions would accrue

3   interest from the date of delinquency until paid at the greater of (a) seven percent (7%) per annum or

4   (b) the rate prescribed by Section 6621(a)(2) of the Internal Revenue Code of 1986, as amended.

5           15.     At all times material herein, it was, and now is, extremely difficult, if not impracticable,

6   to fix the amount of actual expense and damage to the Trust Fund which would result from the failure

7   to pay fringe benefit contributions timely.  By the Agreements, Employer agreed that in the event any

8   fringe benefit contributions were not paid when due, Employer would pay the greater of ten dollars

9   ($10) or ten percent (10%) of the amount due and unpaid, as and for liquidated damages and not as

10  a penalty.  By the Agreements, Employer agreed that the amount of liquidated damages represents a

11  reasonable and good faith approximation of the cost of processing a delinquency.  Under the terms of

12  the Agreements, the liquidated damages accrue interest from the date of delinquency until paid at the

13  greater of (a) seven percent (7%) per annum or (b) the rate prescribed by Section 6621(a)(2) of the

14  Internal Revenue Code of 1986, as amended.

15          16.     Employer employed workers who performed work covered by the provisions of the

16  Agreements while the Agreements were in full force and effect.

17          17.     The Restated Trust Indenture authorizes and obligates the Board to adopt appropriate

18  collection procedures to enforce, by suit in court or otherwise, the prompt payment of contributions

19  to the Trust Fund and to audit the books and records of any participating employer to determine

20  whether or not contributions are being made in accordance with the Agreements.

21          18.     By the Agreements, the Employer agreed to permit an accountant designated by the

22  Board to review any and all of the Employer's books, records, papers and other documents necessary

23  to conduct an audit to determine the accuracy and sufficiency of the payments made by the Employer

24  to the Trust Fund.

25          19.     The Trust Fund has established an audit procedure that involves a review of payroll

26  records as well as a test of internal controls in an employer's bookkeeping system.  The audit

27  procedure is intended to provide the basis for an opinion, according to generally accepted auditing

28  standards, as to whether appropriate contributions have been made for all hours of covered work.

20.     It has been necessary for plaintiffs to engage counsel for the purpose of enforcing Employer's obligations under the Agreements.

21.     Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D).

22.     Plaintiffs have complied with all conditions to be performed on their part under the terms of the Agreements.

23.     The Trust Fund has no adequate or speedy remedy at law.

**FIRST CLAIM FOR RELIEF**

**(Breach of Installment Agreement)**

24.     Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 23 of this Complaint as if set forth fully herein.

25.     On May 23, 2007, the Employer entered into a written agreement with the Trust Fund entitled Settlement and Installment Payment Agreement ("Installment Agreement").

26.     Under the Installment Agreement, the Employer agreed to pay the Trust Fund $22,266.61, in installments during the period from June 15, 2007 through August 15, 2009, to cover known delinquent contributions owed to the Trust Fund for work performed from 2004 through 2006.

27.     Under the Installment Agreement, the Employer agreed that if it defaulted in the timely payment of any installment, the entire balance of $22,266.61, less credit for any amounts already received, would immediately become due.

28.     Under the Installment Agreement, the Employer agreed that if it defaulted, the Employer would pay reasonable attorneys' fees and costs incurred by the Trust Fund in collecting the monies due pursuant to the Installment Agreement.

29.     The Employer paid $7,000.00 to the Trust Fund pursuant to the Installment Agreement.

30.     The Employer failed to make any additional payments, thus defaulting on the Installment Agreement.

31.     The Employer has breached the Installment Agreement and now owes $15,266.61 to the Trust Fund.

////

1    **SECOND CLAIM FOR RELIEF**

2    **(Failure to Pay Amounts Found Due in Audit)**

3         32.    Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 31

4    of this Complaint as if set forth fully herein.

5         33.    The Trust Fund conducted an audit of the Employer's books, records, papers and other

6    documents to determine whether the Employer owed previously unknown fringe benefit contributions

7    to the Trust Fund for work performed during calendar year 2004 ("Audit").

8         34.    The Audit showed $61,006.97 due in fringe benefit contributions, $6,100.70 due in

9    liquidated damages, $4,735.06 due in interest and $3,325.00 due in audit fees, for a total of

10   $75,167.73.

11        35.    From the date that the Audit issued to date, additional interest has accrued in the

12   amount of $18,790.15.

13        36.    The Employer now owes a total of $93,957.88 to the Trust Fund as a result of the

14   Audit.

15   **THIRD CLAIM FOR RELIEF**

16   **(Failure to Submit Fringe Benefit Reports and Fringe Benefit Contributions)**

17        37.    Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 36

18   of this Complaint as if set forth fully herein.

19        38.    The Employer has failed to submit fringe benefit contributions or fringe benefit reports

20   showing the names and numbers of hours worked by employees during the following time periods:

21   January, March, April, June, July, August, September, October and December 2005; January, April,

22   June and October 2006; January, March, April, May, June, July, August, September, October,

23   November and December 2007; January through December 2008; and January 2009 to date

24   ("Delinquent Months").

25        39.    The Employer is obligated to submit fringe benefit reports showing the employees who

26   worked during the Delinquent Months and to pay the fringe benefit contributions for such employees.

27   ////

28   ////

**PRAYER FOR RELIEF**

As remedies for the claims asserted above, plaintiffs pray judgment against defendant as follows:

1.  For damages to be paid by the defendant Employer to the plaintiff Trust Fund in the amount of $15,266.61, for amounts owed under the Installment Agreement;

2.  For damages to be paid by the defendant Employer to the plaintiff Trust Fund in the amount of $93,957.88, for amounts owed as a result of the Audit;

3.  For an order compelling the defendant Employer to submit fringe benefit reports showing the names of employees who performed work during the following time periods: January, March, April, June, July, August, September, October and December 2005; January, April, June, October 2006; January, March, April, May, June, July, August, September, October, November, December 2007; January, February, March, April 2008 ("Delinquent Months");

4.  For damages to be paid by the defendant Employer to the plaintiff Trust Fund for fringe benefit contributions shown due by the fringe benefit reports for the Delinquent Months, plus liquidated damages and interest;

5.  For reasonable attorneys' fees;

6.  For costs of suit; and

7.  For such other and further relief as the Court deems just and proper.

McCARTHY, JOHNSON & MILLER
Law Corporation

Dated:  July 16, 2009                By: ___/s/ Diane Sidd-Champion_____
                                          DIANE SIDD-CHAMPION
                                          Attorneys for Plaintiffs